TUCCI, Plaintiff-Appellee, v. TOOMEY et, Defendants-Appelllants.
TUCCI, Plaintiff-Appellee, v. POMPOCO, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

Nos. 3780, 3781. Decided April 13, 1955.

William E. Pfau, Youngstown, for plaintiff-appellee.
John J. Lynch, Jr., Youngstown, for defendants-appellants.

## OPINION

Per CURIAM.

In these cases the judge of the Municipal Court entered default judgments against Mrs. Lucy Tucci in favor of Patricia Toomey and Mrs. Anna Mulholland in case number 188629 and in favor of Mrs. Agnes E. Pompoco in case number 188630.

Subsequently counsel for Mrs. Lucy Tucci filed petitions in the Municipal Court to vacate such judgments, and tendered answers which, if proven, would constitute a defense to the claims of Patricia Toomey, Mrs. Anna Mulholland and Mrs. Agnes E. Pompoco.

The trial judge vacated the judgments previously rendered against Mrs. Lucy Tucci, and Mrs. Anna Mulholland, Patricia Toomey and Mrs. Agnes E. Pompoco prosecute appeal on questions of law from such orders of vacation.

In considering the petitions to vacate the original judgments the court upon request made and filed the following findings of fact and law, the court therein referring to Mrs. Anna Mulholland, Patricia Toomey and Mrs. Agnes E. Pompoco as the plaintiffs and Mrs. Lucy Tucci as the defendants:—

"The court finds that the defendants were not represented by counsel as of June 4, 1954, date of the default judgment. Moreover no actual notice was given to defendants of the motion or of a hearing on the motion for default judgment except by constructive notice in the Daily Legal News of Mahoning County.

"The court further finds that the custom and procedure in the Municipal Court in cases of default judgments involving the necessity of assessment of damages requires that notice be given to defendants.

"Therefore the court rules that constructive notice to defendants cannot be imputed without an attorney-client relationship.

"Furthermore the court rules that an error of mistake, neglect and omission of the clerk of courts plus irregularity in obtaining judgment was made by failure to give actual notice to defendants and that a hearing on merits both for finding of fact and assessment of damages be had."

By brief appellants contend that:—

"There is only one question presented in this appeal, namely when a defendant after being duly served with summons on a petition filed in a Municipal Court is in default of answer and a motion is made for default judgment, is there such a duty on the part of the clerk of the municipal court, the plaintiff or the attorney for the plaintiff to give actual notice to the defendant of the hearing on the motion for default judgment which hearing also involves the assessment of damages, the breach of which duty would constitute ground for vacating a default judgment?"

In ordering vacation of the judgments and setting aside of the same for irregularity in procuring the original judgments we find the matter rests in the sound discretion of the trial court, and we cannot disturb his judgment in the absence of proof of gross abuse of such discretion, the presumption being that the judge of the Municipal Court was familiar with the practice, rules and customs of that court requiring

actual service upon counsel noted upon the docket as representing Mrs. Lucy Tucci before entering default judgments involving the necessity of assessment of damages.

The judgments appealed from must therefore be affirmed.

PHILLIPS, PJ, GRIFFITH and NICHOLS, JJ, concur.